UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAPHAEL MOORE,

        Petitioner,        Case Number: 1:12-CV-15177
                                       Honorable Thomas L. Ludington

v.

STEVEN RIVARD,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DECLINING TO GRANT *IN FORMA PAUPERIS* STATUS ON APPEAL**

Petitioner Raphael Moore is a state inmate at the St. Louis Correctional Facility in St. Louis, Michigan. He seeks habeas relief pursuant to 28 U.S.C. § 2254, challenging his convictions for three counts of assault with intent to murder on the ground that the evidence presented was insufficient to support his convictions. For the reasons that follow, the petition will be denied.

**I**

Petitioner was convicted by a jury in Oakland County Circuit Court of three counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83, and three counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. On January 28, 2010, the trial court sentenced Petitioner to concurrent terms of 345 months to 60 years in prison for each assault conviction, to be served consecutively to concurrent prison terms of two years for each felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, arguing that

insufficient evidence was presented to support his convictions for assault with intent to commit murder. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Moore*, No. 297428, 2011 WL 2585985 (Mich. Ct. App. June 30, 2011). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Moore*, 805 N.W.2d 424 (Mich. 2011).

Petitioner then filed this pending habeas petition. He raises the same claim raised on direct review in state court, that is, insufficient evidence was presented to sustain his convictions for assault with intent to commit murder.

## II

### A

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that a petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). Petitioner has not identified any violation of a federal constitutional right and the petition will be dismissed.

### B

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520–21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 789 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in

federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786–87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases — indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Finally, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998).

### III

Petitioner seeks habeas relief on the ground that his convictions for assault with intent to commit murder were not supported with sufficient evidence to establish his intent beyond a reasonable doubt. Petitioner summarizes the evidence leading to his conviction as follows:

> Three men had been thrown out of a nightclub for fighting. They walked around for about one hour in the neighborhood. They were passing a group of 10 to 15 men. As they passed, some words were exchanged. One of the three men

> assaulted one of the larger group by punching him in the face. [Petitioner] immediately pulled out a gun and fired 5 shots, hitting the three men in their legs, hips, or ankles, then ran from the scene.

Pet. at 2.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, (citing *Jackson*, 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.*

To prove the crime of assault with intent to commit murder under Michigan law, the prosecution must establish: (1) an assault, (2) with an actual intent to kill, (3) which, if successful,

would make the killing murder. *People v. Hoffman*, 225 Mich. App. 103, 111 (1997). The intent to kill may be proven by inference from any facts in evidence. *Id.*

The Michigan Court of Appeals rejected Petitioner's sufficiency of the argument claim, explaining as follows:

> Viewed in the light most favorable to the prosecution, the evidence was sufficient to support the finding, beyond a reasonable doubt, that defendant committed an assault. Defendant undisputedly shot three men, five times, from ten to 20 feet away. "The intentional discharge of a firearm at someone within range is an assault." *People v. Johnson*, 54 Mich. App 303, 304; 220 N.W.2d 705 (1974).
>
> The evidence was also sufficient to support the finding, beyond a reasonable doubt, that defendant intended to kill the victims. "An intent to kill may be inferred from conduct the natural tendency of which is to cause death or great bodily harm." *People v. Eisenberg*, 72 Mich. App 106, 114; 249 N.W.2d 313 (1976). "'Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime.'" *People v. Carines*, 460 Mich. 750, 757; 597 N.W.2d 130 (1999) (citation omitted). "[M]inimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *People v. Kanaan*, 278 Mich. App 594, 622; 751 N.W.2d 57 (2008). Intent to kill can be inferred from the facts in evidence, *People v. McRunels*, 237 Mich. App 168, 181; 603 N.W.2d 95 (1999), including a defendant's conduct and the circumstances surrounding the killing, *see Carines*, 460 Mich. at 757. Firing a gun at a person within range can support an inference of intent to kill. *See People v. Carrier*, 74 Mich. App 161, 167; 254 N.W.2d 35 (1977); *Johnson*, 54 Mich. App at 304. Defendant's actions supported a rational inference that he intended to kill the victims. He held a gun "straight out" from his chest, pointed it at the victims from relatively close range, fired five times, and every shot struck a victim. One victim was hit twice; once in the front center of his thigh and once in the hip area. Another victim was shot twice in the thigh, with one of the bullets hitting him just below the waist. The third victim was struck in the ankle. Although defendant argues, as his counsel did at trial, that he would have aimed at his victims' upper bodies, rather than their lower bodies, had he intended to kill them, the evidence was sufficient to permit the jury to determine whether, when defendant repeatedly fired bullets into the bodies of his victims, he intended to kill them.
>
> Finally, it is undisputed that had defendant killed the victims, he would have been guilty of murder.

*Moore*, 2011 WL 2585985, at *1.

Petitioner argues that the Michigan Court of Appeals' opinion is unreasonable because had he intended to kill the victims, he would have fired at their torsos. He argues that it would have been unreasonable to attempt to kill three men because one of them punched a friend. If he had intended to kill the victims, he argues, he clearly would not have been "willing to shoot them in their legs." Pet. at 3.

This argument falls far short of overcoming the two layers of deference this Court must accord the state court's holding of evidentiary sufficiency. It may have been reasonable for a juror to conclude, based upon the facts as stated by Petitioner, that Petitioner intended only to harm and not kill the victims. But this does not render unreasonable the Michigan Court of Appeals' decision that a rational trier of fact could have found the elements of assault with intent to murder proven beyond a reasonable doubt. Under Michigan law, intent to murder may be inferred from the use of a deadly weapon, proximity to the victim, and the number of shots fired. *People v. Vasquez*, No. 297755, 2011 WL 1815383, *7 (Mich. Ct. App. May 12, 2011) (firing of up to five gunshots in direction of victim supported finding of intent to murder). Petitioner was only approximately ten to twenty feet from the victims, used a deadly weapon, and fired five shots. Regardless of the location of the victims' ultimate wounds, a rational trier of fact could have found these facts established Petitioner's guilt beyond a reasonable doubt. Therefore, habeas relief is denied.

**IV**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability. In addition, the Court will not grant Petitioner *in forma pauperis* status should he choose to appeal this order.

**V**

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that the Court **DECLINES** to grant Petitioner *in forma pauperis* status.

Dated: May 29, 2013                                         s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Raphael Moore #703512 St. Louis Correctional Facility 8585 N. Croswell Road St. Louis, MI 48880 by first class U.S. mail, on May 29, 2013.
                    s/Tracy A. Jacobs
                    TRACY A. JACOBS